■ RICHARD LAUFER, Appellant, v LONG ISLAND LIGHTING COMPANY et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals (by permission), as limited by his brief, from so much of an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated August 29, 1977, as affirmed so much of a judgment of the First District Court, Mineola, Nassau County, entered April 4, 1977, as was in favor of defendant New York Telephone Company, upon the trial court's dismissal of the complaint at the conclusion of plaintiff's case. Order modified, on the law, by adding to the decretal paragraph of the order of the Appellate Term, after the words "without costs", the following: "as to defendant Long Island Lighting Company. As between plaintiff and defendant New York Telephone Company, judgment reversed, action severed and new trial granted." As so modified, order affirmed insofar as appealed from, without costs or disbursements as between plaintiff and defendant Long Island Lighting Company, and with costs to abide the event of the new trial as between plaintiff and the defendant telephone company. The New York Telephone Company erected a telephone pole in the grassy area between a concrete sidewalk and the curb. It attached a cable guy wire to the pole and, in order to stabilize the pole, anchored the guy wire in the grassy area. During the evening of May 4, 1976, plaintiff and three friends attempted to cross the street in the middle of the block. Plaintiff was apparently speaking with and looking at one of his friends when he tripped over the guy wire. He testified at the trial that he did not realize what he had tripped over until he had gotten up from the ground and looked about. Plaintiff and Kevin Valentine testified that it had been very dark at the time of the accident. Only the middle of the street had been illuminated; the guy wire was not visible. Plaintiff conceded that he had not proven negligence on the part of defendant Long Island Lighting Company, and the District Court granted that defendant's motion to dismiss. It also granted defendant New York Telephone Company's motion to dismiss, made at the conclusion of plaintiff's case. The trial court found that plaintiff had not proven that he had tripped over the guy wire and that he might have tripped over the curb, over some other object, or over his own two feet. Plaintiff appealed to the Appellate Term, which affirmed. On appeal to this court, his brief addresses only the issue of causation; it does not address the issue of ownership and control, the basis of the dismissal against the Long Island Lighting Company. In view of the darkness and the dark color of the guy wire, it would have been difficult for plaintiff to ascertain the cause of his fall, while falling. Under the circumstances, only when he had gotten up and searched for the cause of the accident could plaintiff have determined what had made him fall. Had he observed the wire before the accident, and yet fallen over it, a jury might have found that his own negligence had proximately caused the accident. There was no testimony as to the presence of any other object at the location. A jury could

find that plaintiff did not trip over the curb, as the guy wire obstructed the path to the street; plaintiff would have had to pass the guy wire before reaching the curb. Plaintiff's testimony as to having tripped over something may exclude the possibility of his having fallen over his own two feet. We find that plaintiff made out a prima facie case. The questions of fact should be decided by a jury (see *Blaustein v Levitt,* 24 AD2d 862, mot for lv to app den 16 NY2d 487). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.